```
        IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

```
TERRANCE COLLIER,              *
                               *
    Plaintiff,                 *
                               *
vs.                            *  CIVIL ACTION NO. 18-00378-TFM-B
                               *
CYNTHIA D. STEWART, et. al.,   *
                               *
    Defendants.                *
```

## REPORT AND RECOMMENDATION

Plaintiff Terrance Collier, an Alabama prison inmate proceeding pro se, filed a complaint seeking relief under 42 U.S.C. § 1983 and a Motion to Proceed Without Prepayment of Fees on August 29, 2018. (Docs. 1, 2). This case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R) for appropriate action. This action is before the Court due to Plaintiff's failure to pay the partial filing fee as directed.

In an order dated September 12, 2018 (Doc. 4), the Court, after a review of Plaintiff's Motion to Proceed Without Prepayment of Fees, directed Plaintiff to pay a partial filing fee of **$60.40** by October 12, 2018. (Id.). Plaintiff was cautioned that his failure to comply with the Order within the prescribed time would result in the dismissal of his action. To date, Plaintiff has not paid the partial filing fee, nor has he notified the Court of any steps that he has taken to comply with the Court's Order.

Additionally, Plaintiff's copy of the Court's Order directing him to pay the partial filing fee has not been returned to the Court.

Due to Plaintiff's failure to comply with the Court's Order and prosecute this action by paying the partial filing fee, and upon consideration of the alternatives available to the Court, the undersigned recommends that this action be dismissed without prejudice through the Court's inherent power. Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (recognizing a district court's inherent power to enforce orders and provide for the efficient disposition of litigation); Wilson v. Sargent, 313 F.3d 1315, 1321-22 & n.7 (11th Cir. 2002) (holding that a prisoner's failure to pay the partial filing fee under 28 U.S.C. § 1915 is a basis for dismissal); see generally Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337-38 (11th Cir. 2005) (discussing dismissals pursuant to the court's inherent power and dismissals based on Rule 41(b) of the Federal Rules of Civil Procedure, and concluding that only a dismissal *with prejudice* requires findings of contumacious conduct and that lesser sanctions would not suffice).

If Plaintiff disputes the Court's finding of failure to pay the partial filing fee and desires to proceed with the litigation of his action, he shall set forth in an objection to the report and recommendation the reasons for his failure to pay. Wilson, 313 F.3d at 1321 (finding that allowing objections to a magistrate's recommendation is an acceptable means to ascertain the steps taken by a prisoner to comply with the order to pay a partial filing fee (citing Hatchet v. Nettles, 201 F.3d 651, 654 (5th Cir. 2000))).

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper

objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **15th** day of **January, 2019.**

                                        **/s/ SONJA F. BIVINS**
                                **UNITED STATES MAGISTRATE JUDGE**